Larry E. Prince
Holland & Hart, LLP
U.S. Bank Plaza
101 South Capitol Blvd., Suite 1400
Boise, Idaho 83702-7714
(208) 342-5000

Barry W. Davidson
DAVIDSON ❖ MEDEIROS
1280 Bank of America Center
601 West Riverside Avenue
Spokane, Washington 99201
(509) 624-4600

Attorneys for Ajax Enterprises, LLC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**PHEASANT COVE, LLC,**<br><br>        Debtor. | Case No. **07-00058-TLM**<br><br>Adversary Case No. **07-6021** |
| **RICHARD E. CRAWFORTH,**<br><br>        Plaintiff,<br>vs.<br><br>**AJAX ENTERPRISES, LLC,**<br><br>        Defendant. | **AFFIDAVIT OF KURT R. GUSTAVEL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

STATE OF IDAHO     )
                  ) ss:
County of Ada     )

Kurt R. Gustavel, being first duly sworn on oath, deposes and says:

Page 1
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION

1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660

1. I am the President and Chief Operating Officer of Idaho Independent Bank (the "Bank"). I make this Affidavit from my personal knowledge regarding matters as to which I am competent to testify.

2. The Bank extended nine loans to Pheasant Cove, LLC ("Pheasant Cove") for the construction of the real property and improvements known as Lake Forest Townhomes, located in Coeur d'Alene, Idaho. Each loan was documented, in part, by a duly executed Promissory Note and a Deed of Trust. Each Deed of Trust was recorded in a senior lien position against a portion of said real property and improvements.

3. Each Promissory Note was payable with interest at a variable rate, which was subject to change based on changes in the New York Consensus Prime Lending Rate as published by The Wall Street Journal (the "Index") or 21.000% upon default. Under no circumstances was the interest rate on any loan to be less than 8.750% per annum or more than the maximum rate allowed by applicable law. The applicable interest rate immediately prior to the final maturity date of each loan was 9.500% per annum, which was the Index plus 1.250 percentage points.

4. Each Promissory Note provided, among other matters, that the failure of the Borrower to make any payment when due under that Note was an event of default. Each Promissory Note also stated:

> LATE CHARGE. If a payment is 15 days or more late, Borrower will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $10.00, whichever is greater.

Page 2
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660

INTEREST AFTER DEFAULT. Upon default, including failure to pay upon final maturity, Lender, at its option, may, if permitted under applicable law, increase the variable interest rate on this Note to 21.000% per annum. The Interest rate will not exceed the maximum rate permitted by applicable law.

ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and legal expenses, whether or not there is a lawsuit, including without limitation all reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction) and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

5. The terms of each Promissory Note were modified by one or more "Change In Terms Agreement(s)" which extended the maturity date of each Promissory Note, restated the Variable Interest Rate provisions, and provided, in substance, that all terms not modified by the Change In Terms Agreement(s) would remain in full force and effect. As to each of the Promissory Notes, the due date for payment of all principal and all accrued interest was extended to October 25, 2006.

6. True and correct copies of each Promissory Note and each Change In Terms Agreement are attached hereto as Exhibits A-1 through I-2. Each Promissory Note and each Change In Terms Agreement was made according to the regular practice of the Bank, was kept in the regular course of the business of the Bank, was created by a person with knowledge of the

Page 3
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION

1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660

business of the Bank, and was created at or near the date of execution of that Promissory Note or Change In Terms Agreement.

7. Pheasant Cove failed to pay all principal and all accrued interest on October 25, 2006, the scheduled maturity date following the most recent group of extensions. After the standard 15 day grace period, the Bank accrued late charges equal to 5.000% of the past due payments. The Bank also increased the variable interest rate on each Promissory Note to 21.000% per annum as agreed under the terms of each Promissory Note.

8. The Bank filed a Proof of Claim herein on April 5, 2007, in the amount of $3,172,047.82 under Claim No. 1 (the "Claim"), secured by senior liens against the Pheasant Cove real property and improvements (the "Property") and the proceeds thereof, including funds received from the rental of certain town homes by Pheasant Cove and the Chapter 7 Trustee. The Claim has increased during this case with the accrual of interest, late fees, and other charges that are payable pursuant to the Loan Documents, including reasonable attorneys' fees, legal expenses, court costs, and other sums provided by law.

9. Subsequent to the filing of the Claim, the Bank transferred and assigned all right, title, and interest in the Loan Documents and the Claim to Ajax Enterprises, LLC ("Ajax"), which is now the holder thereof.

10. I have reviewed the First Amended Complaint filed by the Trustee against Ajax, asserting that the Trustee is entitled to avoid the Ajax

Page 4
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660

lien to the extent of the default interest, late fees, and other "inappropriate" charges claimed in the amount of $127,302.04 plus additional interest, late fees, and "inappropriate" charges accrued after April 4, 2007.

11.   The interest rate upon default and the late charges (not late "fees") provided for by each Promissory Note are standard contractual terms for commercial loans of all types that are made by the Bank, including construction loans such as the loans made to Pheasant Cove. The interest rate upon default and the late charges were not intended to penalize Pheasant Cove in the event of non-payment; rather, they were intended to compensate the Bank for the internal cost of administering and for the significantly higher risk nature of loans in default.

12.   The Bank does not make loans with the expectation that payments will be late, or that the loan will not be paid as agreed, therefore, the Bank has no market rate of interest that would be offered to a borrower for a loan that the Bank expected to not be paid when due. If the Bank did, it would be significantly higher than 21.000%.

13.   Nevertheless, as with any other lender, the Bank must occasionally administer loans that are not paid according to their terms. Management of such loans typically requires a substantial amount of effort, time, and expense on the part of the Bank.

Page 5
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION

1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660

14. The internal cost of administering defaulted loans is reflected in the interest rate that is payable upon default. The Bank does not otherwise recover for the expense of such loan administration.

15. The Bank's expense of administering a defaulted loan increases further if specific collection efforts become necessary, whether those efforts are internal, or whether those efforts are assisted by third parties, including outside counsel and foreclosure services.

16. The magnitude and the possibility of losses on the loans to Pheasant Cove were considered significant by the Bank. In addition, the complexities of this construction project and the borrower's other entities created additional burdens on the Bank in analyzing and administering the loans. When Pheasant Cove failed to pay the loans when due, allowed cost overruns and liens to be filed, and provided limited or incorrect information to the Bank, we were required to respond as necessary to protect our interests, with substantially increased oversight and administration of the loans, and through specific collection efforts by our counsel and third party foreclosure services. When it is necessary to engage counsel and third party foreclosure services, the Bank must allocate internal resources and time in working with those parties in the collection efforts.

17. Following the Pheasant Cove defaults, the first task of the Bank was to explore possible solutions, including the negotiation of a mutually agreeable work out plan. I was involved in these efforts, which required

Page 6
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660

constant communications with Pheasant Cove and the evaluation by the Bank's senior executives, and our legal counsel of various proposals and ideas put forth by the Bank and the borrower through the end of 2006.

18.  These work out efforts required a very substantial commitment of time and attention over the four months preceding the bankruptcy. These efforts included me, as President and Chief Operating Officer, Jack W. Gustavel (Chairman and Chief Executive Officer), Lynn J. Taylor (Senior Vice President), Rod B. Colwell (Chief Credit Officer), Craig Burkhart (Senior Vice President), and a number of other Bank officers and employees. The opportunity cost of the lost time and efforts of our most senior officers is substantial.

19.  In addition, our accounting, loan operations, and support staff responsible for financial reporting, non-accrual accounting, checking and preparing payoff quotes, drafting and mailing correspondence, and other tasks have significant amounts of time invested in Pheasant Cove.

20.  Any impaired loan must be separately analyzed as part of the preparation of the financial statements that are published by the Bank. The Pheasant Cove default imposed a burden on our senior executives, credit administration department, and support and accounting staff for the analysis of this non-performing asset, the consideration of the impairment and establishment of reserves for potential loan losses, and the reporting of these matters on our audited and unaudited financial statements.

Page 7
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660

21. The Bank reports to the Federal Deposit Insurance Corporation and other regulatory agencies, and is a publicly reporting company, filing ongoing reports which must be complete and accurate, and must be certified under Sarbanes-Oxley.

22. Even the unaudited interim financial statements of the Bank must be prepared in accordance with generally accepted accounting principles and prevailing practices within the banking industry for interim financial information, and with the instructions of the Federal Deposit Insurance Corporation.

23. Various regulatory agencies periodically review the Bank's allowance for loan losses, which includes an evaluation of impaired loans such as those to Pheasant Cove. Assessing the adequacy of the allowance for loan losses is based upon management's evaluation of the amounts required to meet estimated charge-offs in the loan portfolio after weighing various factors. We were required to make such evaluations for Pheasant Cove.

24. In preparing the Bank's financial statements, our management is required to make estimates and assumptions that affect the reported amounts of various assets as of the date of the balance sheet, and we were required to do so for Pheasant Cove.

25. The default interest rate is the contractual rate. The Bank charges one agreed upon interest rate if the borrower is in default and one

Page 8
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION

1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660

agreed upon interest rate if the borrower is not in default. The default rate is simply a rate that compensates the Bank for additional expenses of administration, and collection that would result in the event of default by Pheasant Cove, including the additional risk of collection.

26.    The Bank, like any other lender, will periodically suffer a complete loss as a result of a defaulted loan, despite all efforts to administer and collect that loan.

27.    For the reasons set forth above, the assertion by the Trustee that the Pheasant Cove interest rate upon default and the late charges were penalties, or "inappropriate," is incorrect. As is its normal practice, the Bank entered into a contract with the borrower that provided for an additional charge upon default to compensate the Bank for expenses related to the collection and administration of non-performing loans. In fact, the Bank, as evidenced by several months of negotiations with Pheasant Cove, which included extensions in maturity dates and forbearance as to the date the default interest was charged, the Bank worked with the borrowers to help address the numerous defaults, and to avoid the economic consequences to the borrower and the Bank as a result of their actions.

28.    The loan terms with Pheasant Cove were negotiated by the Bank in good faith and the Bank relied upon the agreement of the borrower to the terms of the contract when it made the loan. As a secured creditor, the terms should stand and the loans should be repaid at the contractual

Page 9
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION
1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660

interest rate, the default rate, and with the contractual late charges agreed upon by the borrower.

DATED this 27th day of July 2007.

_____
Kurt R. Gustavel
President and Chief Operating Officer
Idaho Independent Bank

SUBSCRIBED AND SWORN to before me this 27th day of July 2007.



_____
NOTARY PUBLIC in and for the
State of Idaho, residing at
Coeur d'Alene, Idaho.
My commission expires:

Page 10
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION

1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of July 2007, I filed the foregoing Affidavit Of Kurt R. Gustavel In Support Of Motion For Summary Judgment electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- Mr. Richard E. Crawford:    rec-7tte@cableone.net
  ID06@ecfcbis.com

- Mr. Jed W. Manwaring:    jmanwaring@evanskeane.com

- Mr. Larry E. Prince:    lprince@hollandhart.com

- U.S. Trustee:    ustp.region18.bs.ecf@usdoj.gov

DAVIDSON ❖ MEDEIROS

  _/s/ Barry W. Davidson_
Barry W. Davidson, WSBA No. 07908
Attorney for Ajax Enterprises, LLC

Page 11
Affidavit Of Kurt R. Gustavel In Support
Of Motion For Summary Judgment
Ajax\Pleadings.cn

DAVIDSON ❖ MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL SERVICE CORPORATION

1280 BANK OF AMERICA CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

40986.0052.987947.1